IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MICHAEL LEMONS, | ) |
| *Plaintiff*, | ) |
| v. | ) Cause No. 3:32-CV-00002 |
| | ) |
| | ) Jury Trial Requested |
| APACHE CORPORATION and | ) |
| ALTUS MIDSTREAM CO. | ) |
| *Defendants*, | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, the Plaintiff, Michael Lemons, complaining of the Defendants, Apache Corporation and Altus Midstream Company, and would allege the following.

## PARTIES

1. Plaintiff is a resident of Alpine, Texas.

2. Defendant Apache Corporation is a Texas corporation and it may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, Texas  75201.

3. Defendant Altus Midstream Company is a Texas corporation and it may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, Texas  75201.

## JURISDICTION

4. This action arises under the Family and Medical Leave Act of 1993, which prohibits retaliation after returning from protected medical leave.

**VENUE**

5. This action properly lies in the Western District of Texas, wherein the Plaintiff was employed and the events giving rise to this claim occurred.

**FACTS**

6. Plaintiff was employed by one or both Defendants, or their predecessor, since May 4, 2017. He enjoyed a good performance history and no disciplinary actions. He was last employed as a Senior Emissions Tech.

7. Plaintiff, who is 69 years of age, has a history of coronary artery disease and multiple stents in the heart. In late March / early April 2021, Plaintiff was advised by his physician of the need for coronary artery bypass surgery. Plaintiff advised his first line supervisor, Brandon Busby, an Altus employee, about his medical condition and needed surgery. Plaintiff also advised Apache's human resources department in Houston about the surgery and need for medical leave.

8. Plaintiff underwent a triple bypass on or about April 14, 2021, and was on medical leave until July 1, 2021. While on medical leave, upon information and belief, Plaintiff was replaced by a recent hire.

9. Plaintiff returned to work on July 1, 2021 with no restrictions. Busby asked Plaintiff why he came back to work. Defendant Apache did not place Plaintiff back on the work schedule, although he was the only emissions tech employee. Plaintiff did "busy" work, such as troubleshooting.

10. On or about July 14, 2021 -- two weeks after returning from medical leave for bypass surgery, Plaintiff was summoned to a meeting with Busby (Altus), Brad Fields (Altus) and Shelby Scott (Apache Human Resources) via phone. A letter dated July

14, 2021, and signed by Scott, was read to Plaintiff. The letter stated that Plaintiff was terminated for violating Apache's Code of Business Conduct Policy. Plaintiff asked what he did wrong, to which he was told, "it's in the letter." Defendants failed to provide Plaintiff any details regarding the reason for his termination, nor an opportunity to respond or rebut the allegations. To date, Plaintiff has not been informed what action or inaction was the basis for his termination.

11. Plaintiff asserts that he was jointly employed by both Defendants. As joint employers, Defendants each controlled and/or directed Plaintiff's work duties; Plaintiff submitted his FMLA requests through Apache human resources; Apache issued Plaintiff a W-2, and representatives of both companies were present at the time of Plaintiff's termination.

12. Plaintiff asserts that he worked at least twelve months prior to his FMLA leave request.

13. Plaintiff worked at least 1,250 hours during the twelve months prior to his FMLA leave.

14. Defendants individually and / or collectively have fifty (50) or more employees within a seventy-five miles of Plaintiff's place(s) of employment.

## COUNT ONE: FMLA RETALIATION

15. The above allegations are re-alleged and adopted by reference.

16. Plaintiff was a "qualified" employee under the FMLA.

17. After completing his FMLA leave, Plaintiff sought to return to employment with Defendants.

18. Defendants failed to restore Plaintiff to the same position he held at the time his FMLA leave began, or to an equivalent position.

19. Defendants terminated Plaintiff's employment a mere two weeks after returning from FMLA leave, and the proffered reason for the termination was a pretext for unlawful retaliation and discrimination.

20. Plaintiff requests trial by jury.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendants to answer and appear, and upon final trial enter a judgment upon his favor and award the following:

1. Back pay and benefits;

2. Reinstatement. If reinstatement is not feasible, front pay and benefits;

3. Liquidated damages equal to the sum of lost wages and benefits;

4. Attorney's fees;

5. Costs;

6. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;

7. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

/s/John A. Wenke

_____
JOHN A. WENKE
Attorney for Plaintiff
State Bar No. 00788643
501 E. California Ave.
El Paso, Texas 79902
Telephone (915) 351-8877
Facsimile (915) 351-9955
lawoffice@johnwenke.com